# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

| | |
|---|---|
| EDGAR BERRIOS, RAYMOND ALLYNE, MALCOLM MACCOW, and VIRGINIE GEORGE,<br><br>         Plaintiffs,<br> v.<br><br>HOVIC; HOVENSA, LLC; JOHN PAULUS; DARYL KRAMER, TODD REIDLINGER, JACOBS INDUSTRIAL MAINTENANCE COMPANY, LLC; WYATT V.I., INC.; JACOBS CONSTRUCTORS, INC.; JACOBS ENGINEERING GROUP, LLC; and WYATT FIELD SERVICE COMPANY,<br>         Defendants. | 2005-CV-0192 |

TO: Lee J. Rohn, Esq.
   Linda J. Blair, Esq.
   Stephanie L. Adler, Esq.
   Charles E. Engeman, Esq.

### ORDER REGARDING PLAINTIFFS' MOTION TO COMPEL DEFENDANT WYATT V.I.

   THIS MATTER is before the Court upon Plaintiffs' Motion to Compel Defendant Wyatt V.I. to Provide Complete Responses to Discovery (Docket No. 244). Defendant Wyatt V.I., Inc., filed an opposition to said motion, and Plaintiffs filed a reply thereto.

   Said Defendant opposes the said motion entirely upon the grounds that Plaintiffs failed to comply with LRCi 37.1 and 37.2(a). This is not the first case where the party seeking discovery has failed to comply with the local rules of civil procedure. The Court

*Berrios v. HOVIC*
2005-CV-0192
Order Regarding Plaintiffs' Motion to Compel
Page 2

recognizes that LRCi 37.2 appears to be internally inconsistent and has, in the interest of judicial economy, when the matter has been fully briefed, ruled upon the papers which *could* be considered filed consistent with LRCi 37.2(b). However, the rule has been amended for sufficient time that all members of the bar should be aware of both the content and spirit of the rule. Counsel are hereby informed that *all* future discovery motions that fail to comply with the requirements of LRCi 37.2(a) will not be considered pursuant to LRCi 37.2(c).

Because the deadline to conduct the limited discovery at issue has passed, the Court will consider the motion as filed and, with regard to the specific discovery requests at issue, the Court makes the following findings and conclusions:

**Interrogatory No. 1:** Said Defendant shall supplement its response with the length of time that Todd Riedlinger has held the position of Project Director.

**Interrogatory No. 2:** Said Defendant's objection is sustained. No response is necessary.

**Interrogatory No. 3:** Said Defendant's objection is sustained. No response is necessary.

**Interrogatory No. 4:** Said Defendant's objection is sustained. No response is necessary.

*Berrios v. HOVIC*
2005-CV-0192
Order Regarding Plaintiffs' Motion to Compel
Page 3

**Interrogatory No. 5:**   Said Defendant's objection is sustained.  No response is necessary.

**Interrogatory No. 7:**   Said Defendant's response is adequate.  No response is necessary.

**Interrogatory No. 8:**   Said Defendant's objection is sustained.  No response is necessary.

**Interrogatory No. 9:**   Said Defendant shall respond fully to the interrogatory for any individual who applied or was hired between November 2001 and September 2005, who did not sign an arbitration/dispute resolution agreement.

**Interrogatory No. 10:**   Said Defendant's response is adequate.  No further response is necessary.

**Demand For Production No. 1:**   Said Defendant's objection is sustained.  No response is necessary.

**Demand For Production No. 2:**   Said Defendant's objection is sustained.  No response is necessary.

**Demand For Production No. 3:**   Said Defendant's objection is sustained.  No response is necessary.

*Berrios v. HOVIC*
2005-CV-0192
Order Regarding Plaintiffs' Motion to Compel
Page 4

**Demand For Production No. 4:**   Said Defendant's objection is sustained.  No response is necessary.

**Demand For Production No. 5:**   As a general rule, equal availability of information is not a ground for objection or resisting production.  *See, e.g., St. Paul Reinsurance Co., Ltd. v. Commercial Financial Corp.*, 198 F.R.D. 508, 514 (N.D. Iowa 2000); *Swarthmore Radiation Oncology, Inc. v. Lapes*, Civil No. 92-3055, 1993 WL 517734 at * 2, 3 (E.D.Pa. Dec. 1, 1993). However, amendments to the original Rule 26 adopt a proportionality principle.  Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, 8 *Federal Practice and Procedure, Civil 2d* §§ 2008.1, 2014 (1994) (now contained within Rule 26(b)(2)).  The Court may, within its discretion, limit discovery that "is obtainable from some other source that is more convenient, less burdensome, or less expensive."  Fed. R. Civ. P. 26(b)(2)(i).  While, arguably, some of the documents and information sought may be a matter of public record as well as in the possession of Plaintiffs' counsel, the Court finds that obtaining the same is not *more* convenient or *less* burdensome.  Thus, said Defendant shall produce all responsive documents.

**Demand For Production No. 6:**   Said Defendant's response is adequate. No further response is necessary.

*Berrios v. HOVIC*
2005-CV-0192
Order Regarding Plaintiffs' Motion to Compel
Page 5

**Demand For Production Nos. 7 and 8:**   Said Defendant's objection is sustained.  No response is necessary.

Accordingly, it is now hereby **ORDERED**:

1. Plaintiffs' Motion to Compel Defendant Wyatt V.I. to Provide Complete Responses to Discovery (Docket No. 244) is **GRANTED IN PART AND DENIED IN PART**.

2. Said Defendant shall provide to counsel for Plaintiffs, within ten (10) days from the date of entry of this order, responses or supplemental responses to Interrogatory Nos. 1 and 9 and Demand For Production No. 5, as more fully described hereinabove.

                                        ENTER:

Dated: January 28, 2009                    /s/ George W. Cannon, Jr.
                                                GEORGE W. CANNON, JR.
                                                U.S. MAGISTRATE JUDGE